SAMUEL S. BROWN *vs.* JOHN W. FOSTER & Trustees.

Where an order, not negotiable, drawn by a debtor, without consideration, in favor of his minor daughter, for money to become payable to him from a third party, and accepted by the latter, is afterwards indorsed by the daughter, at the father's request and for good consideration received by him, but without the knowledge of the third party, to another person, these facts constitute no such assignment, as will enable him to hold the money against other creditors of the debtor.

FLETCHER, J. Ackley and Brown, the persons summoned as trustees, disclosed certain credits of the principal debtor in their hands. These credits were claimed by Alpheus Heywood as having been assigned to him by Foster, the debtor. On being summoned, Heywood came in to support his claim, and an issue was joined.

The material facts appear to be as follows : —

Three minor sons of the debtor were in the employment of Ackley and Brown, the trustees, who paid their wages to Daniel Heywood, for supplies furnished by him to the debtor. The debtor drew an order for the wages of these sons, which might become due, on the trustees. The order was in favor of the debtor's minor daughter, and was without any consideration and not negotiable. This order was presented to the trustees and accepted by them. The trustees notified Daniel Heywood that they should not pay him for any supplies he might after that time furnish the debtor. But to get credit of Heywood, the debtor agreed that he should have this order, and that the amount due on it should go to him. But the trustees were no parties to this arrangement and never assented to it. Daniel Heywood sold out to Alpheus, who furnished the debtor with goods, and the order was delivered by Daniel to him.

The question is, whether these facts show an assignment of what was due by the trustees to the principal debtor to Alpheus Heywood, so that he can hold the amount against the attaching creditor. A mere intention or agreement, on the part of the debtor, that Heywood should have this amount, will not constitute a transfer as against attaching creditors. There was no assignment made, or attempted to be made,

except by the order. The trustee was never requested by the debtor to pay to Heywood, nor did he assent to do so. The debtor agreed with Daniel Heywood that he should have the proceeds of the order. But the trustees never assented to this, nor were they notified of it; on the contrary, the trustees notified Heywood that they should not pay him for any thing furnished to the debtor. The only claim made by Heywood on the trustees was on the order and for payment of the order, which was not negotiable, and which the trustees refused to pay to Heywood.

The question, therefore, is, whether the order will hold the amount in the hands of the trustees against an attaching creditor. The order not being negotiable must stand on the rights of the original payee. The case shows that the order was without any consideration, and therefore void as against creditors. The ruling was therefore correct. The exceptions are overruled, and judgment for costs against Alpheus Heywood.

*N. Wood* and *J. Stevens*, for the trustees and assignee.
*W. A. Bryant*, for the plaintiff.